May it please the Court, when this Court granted a Certificate of Appealability, it limited the case to two issues. Notwithstanding the State's effort to cloud those issues, they true Rule 6 to B motion, and second, does that motion have merit? That motion was a true Rule 6 to B motion because it alleged defects in the prior habeas proceedings. That proceeding was faulty because it rested on a non-existent foundation, and that was the Louisiana... I mean, in this case, if this is a Rule 6 to B case, 6 to B-5 specifically, then what we do is we remand it to the District Court to consider the merits of the argument of its federal habeas petition, right? Precisely, Judge. And that's it. So the sole question is whether this is a successive petition or whether it's a Rule 6 to B-5. Actually, one more issue. The Certificate of Appealability first asked, is this a true Rule 6 to B and not a successive habeas? And then the second issue is, does it have merit under either subsection B-5 or subsection B-6? But that... I mean, really, that may have been an issue, but that's not an issue for us to decide, really, is it? If we decide that it is... the District Court considered it a successive habeas and did not reach the merits, did not consider it, so it would be improper for us to consider the merits of it in the first instance. So if we decided 6 to B-5, we simply remanded for the District Court to consider it as a 6 to B motion and not as a successive habeas. That is correct. That's it. Yes. Okay. So is this... so the sole question I want you to address, at least speaking for myself, is, is this... why is this a 6 to B-5 motion instead of successive habeas? Well, the reason it's a 6 to B-5 motion is because the prior federal habeas proceedings, that is, the federal habeas proceedings that occurred in 1999 and 2000, were based on a judgment that was vacated. And the judgments that were vacated are the Louisiana Fifth Circuit and the Louisiana Supreme Court decisions on Shaq Snyder's petition for post-conviction relief. These are the decisions that occurred in the 1990s. And the reason that those decisions have been vacated is as a result of the Supreme Court's decision in Cordero that remanded the cases to the Louisiana Fifth Circuit at the Louisiana Fifth Circuit's request to go over all of those things again. So if you could not get the 19-page opinion that the Louisiana Fifth Circuit eventually published in the 2000s, if you had not vacated those prior opinions, those prior decisions in the 1990s. So that is why those decisions have been... So why did the district court think it was a successive habeas? I think because it just looked at the... it did not consider the totality of the circumstances. And I think it misconstrued Shaq Snyder's quest for relief. And his quest for relief did not say, I am entitled to habeas relief because the Louisiana Fifth Circuit never looked at my case. That is not what he said. He said, I want you to revisit your 2000 decision because that decision was based on a faulty process. So the question then is reduced to whether he made these arguments below and whether because he failed to make the arguments below relating to 6 to B-5, we can consider him on appeal. Is that what you're saying? Well, he did not... Shaq Snyder did not fail to make the argument below. He was very... I thought he failed to make it as a procedural argument. And below, what he was arguing was you need to reconsider the merits of this case. And whenever you reconsider the merits of the case as opposed to procedure, then that is a successive habeas. But then, I mean, it gets all confused. I mean, from my point of view, the way... reading these briefs, I think it's a 6 to B-5. I would send it back. I'm just speaking for one judge. And they can... I'm saying that so they can address what I'm thinking and straighten me out if I'm wrong. Shaq Snyder's 2012... Well, if you want to answer that, you can. But doesn't you have to give some support for your habeas against the new, valid, very full opinion of the intermediate Louisiana Court? Now, I present that to you and the other counsel. Do we have to simply decide about the hearing because you haven't stated anything in your pleading, your briefs. You have an objection. Now that you have a full response by the Louisiana Court, can you properly and aren't you justified, procedurally, to be required to give some support for your habeas argument against the new opinion of the Louisiana Court, which you haven't done? Well, actually, I believe your question raises two issues. The first is, have we alleged a problem with the new 19-page opinion? And in our reply brief, we gave one example. And that was regarding discrimination of a grand jury foreperson and the Louisiana Fifth Circuit's requirement on that. And that's in our reply brief. That is one. We gave that as an illustrative purpose. The issue, though, that is before the Court is truly a procedural one in that the scheme of 2254 is based on this ladder where you have to go up the state court system before you can reach the federal court system. And as a result of the events that led up to the Louisiana Supreme Court's decision in Cordero, we now have a new Louisiana appellate court decision in this case that denied all of Chuck Snyder's claim for post-conviction relief that has never been reviewed by us. I understand all of that. But do we talk about it in this hearing today? No. And can't? So if we decide this is not a successive habeas, all we do is send it back for hearing. That's all you want? That's correct. That's all we want. We want a remand for evidentiary hearing. All right. Can it be remanded? Can they consider 60B-5 and 6? Absolutely. I think it is our position that both should be considered. The facts of this case illustrate both. We have both a decision, a federal court decision that is based on an order that has been vacated. We also have extraordinary circumstances in this case. I think if there was... Yeah, but if 60B-5 applies, you don't go to 60B-6. It's a catch-all. Certainly. You don't need to. So just the 5 is good enough and you get us there and you get back to the... I was going to try to get rid of it without having to send it back, but you interrupted me. I'm sorry. Did you all have a question? No, no. I'm sorry. No. So what exactly would the order say? We would like the order to first find that Sheck Snyder's 2012 motion in the federal district court was a true rule 60B motion and remand it for an evidentiary hearing on the merits of the 60B-5 consideration. Do you automatically get an evidentiary hearing or is that for the district court to determine whether or not it needs an evidentiary hearing? The reason we are asking for an evidentiary hearing in this case is because the magistrate judge applied the wrong standard in the first place. Right, but maybe we don't... I think maybe you're asking for too much there right at the end. That you would remand for proceedings consistent and then the district court could determine whether it thinks an evidentiary hearing is appropriate. Yes. That's for them to decide, not for us. We would be satisfied with a remand. Okay. I'm going to do a little... I think we've got your argument in hand and I'm not going to take your time away from you if you need it later, but I think that for rebuttal, but we're going to let the state here determine what... hear from them now. Okay. Can you tell us... you understand what we're saying here? Yes, sir. Tell us why we're wrong. I don't think you're wrong. I even... I believe I stated that and... and that the case should be remanded to the district court for its determination now on the merits. The merits of the 60B motion. Right. Yes. Okay. I think we have... We have a couple of caveats. First, I understand why the district court addressed this as a successive habeas petition. Okay. There's a case, In re Gentros, that this court decided in 2012, where the petitioner there wanted to re-urge the claims that he raised in his first 2254 application based on new facts regarding purportedly improper procedures the State Fifth Circuit used to decide pro se post-conviction petitions and their remedial procedures used by the Louisiana Supreme Court in response. And this... it was in the context of a successive 2254 petition. And this court said that there's a no State habeas infirmities rule, so we're going to deny you permission to re-litigate. This case is procedurally different in that instead of second per successive, it's under Rule 60B. So I believe that this petitioner in this case alleges a defect in the integrity of the habeas proceedings because he alleges that he received no review of any kind from the state courts. Now, I believe that is factually incorrect for reasons stated in brief, but that is a factual determination to be made by the district court in the first instance. I mean, ultimately, AEDPA provides a scheme of deference for when the state court has made an adjudication of merits. Well, counsel, we can look at those two Louisiana intermediate court orders and see one's a rubber stamp and one is a very full, complete answer to their habeas points. Correct. But the district court, in the first go-round, the district court . . . What are the points you're trying to make here now that I don't quite understand? You're agreeing with what we have just said, and you agree that it should be remanded. So the rest is academic, and I agree that . . . Okay. Yeah, I won't waste your time. Okay. Well, thank you very much, but I appreciate . . . And I also agree that it ought to be up to the district court to determine whether an evidentiary hearing is . . . Right. Okay. Well, thank you very much. Appreciate that, and don't mean to cut you off, but if you're not going to . . . Johnson wins. I don't think we need to hear from you any further. Okay. Thank you very much. We're going to take a recess about 15 minutes before we take up the remand.